IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) ) Plaintiff, ) ) v. ) ) BAY STATE MILLING COMPANY, ) Defendant. ) ) ) | CIVIL ACTION NO. C O M P L A I N T <u>JURY TRIAL DEMAND</u> |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Charging Party Gary Legore. As alleged with greater specificity below, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") charges that Defendant Bay State Milling Company ("Bay State Milling") subjected Charging Party Legore ("Charging Party") to age discrimination when it failed to hire him because of his age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 216(c) and 217.

2. The alleged unlawful employment practices were committed within the Jurisdiction of the United States District Court for the Southern District of Florida, Fort Pierce Division.

1

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Bay State Milling has continuously been a Minnesota corporation doing business in the State of Florida and within the City of Indiantown, Florida and has continuously had at least twenty (20) employees.

5. At all relevant times, Defendant Bay State Milling has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONDITIONS PRECEDENT

6. More than thirty (30) days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging violations of the ADEA by Bay State Milling.

7. Prior to the institution of this lawsuit, the Commission issued a Letter of Determination finding reasonable cause to believe that Charging Party Legore was denied employment by Bay State Milling because of his age.

8. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

10. Bay State Milling owns and operates a flour mill facility located in Indiantown, Florida.

11. On or about January, 2011, Bay State Milling posted a job advertisement on its website announcing a vacancy in its Indiantown facility for the position of Miller.

12. The job posting was titled, *Miller-Milling Experience preferred*.

13. The Miller position description included job duties including, but not limited to, supervising hourly plant employees regarding regulatory and manufacturing practices; training personnel regarding safety, operating procedures, and company policies; and investigating and identifying OSHA, hazards, food and sanitation issues.

14. Charging Party Legore was born in 1958.

15. On or about January 10, 2011, in response to Bay State Milling's internet job posting for the vacant miller position, Charging Party Legore faxed a copy of his résumé to the Indiantown facility Plant Manager, William Raiola.

16. The next day, January 11, 2011, Charging Party Legore called Plant Manager Raiola to discuss his qualifications for the Miller position, to advise that he would be traveling to Florida and that he wanted to schedule an interview for the vacant Miller position.

17. During the course of the conversation, Charging Party Legore advised Plant Manager Raiola that he had more than twenty (20) years of experience in the milling industry.

18. Raiola responded, "I don't want to waste your time," "I am looking for a younger man with maybe two years experience," whom he could "groom for a plant manager job down the line and for the future" and informed Charging Party Legore that he would not be considered for the position.

19. Charging Party Legore had been successfully employed by Bay State Milling Company between 1995 and 1997 as a Miller in its Clifton, New Jersey facility and performed his duties and responsibilities in an exemplary manner.

20. Charging Party Legore immediately contacted Bay State Milling's Human Resources Department to inform them of Plant Manager Raiola's discriminatory comments made in response to his expression of interest in the vacant Miller position.

21. Bay State Milling admitted that Plant Manager Raiola said he wanted a "younger" person for the miller position, but told Legore that Raiola did not mean younger in terms of age, but rather meant younger in terms of experience.

22. Bay State Milling determined that Legore's was "overqualified" for the vacant Miller position due to his experience.

23. Despite Plant Manager Raiola's discriminatory remarks and Bay State Milling's response, Charging Party Legore continued to seek employment with Bay State Milling as a Miller.

24. On or about April 15, 2011, Bay State Milling hired a twenty-three (23) year old individual with little to no experience for the vacant Miller position in its Indiantown facility.

25. As a result, Charging Party Gary Legore has suffered and continues to suffer damages.

## STATEMENT OF CLAIMS

26. Paragraphs ten (10) through twenty-five (25) are fully incorporated herein.

27. Bay State Milling violated the Age Discrimination in Employment Act by failing to hire Gary Legore for the vacant Miller position for which he was qualified because of his age in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a)(1).

28. The effect of the practices complained of in paragraphs ten (10) through twenty-five (25) above has been to deprive Charging Party Legore of equal employment opportunities and otherwise adversely affect his status as an applicant for employment, because of his age.

29. The unlawful employment practices complained of in paragraphs ten (10) through twenty-five (25) above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Bay State Milling, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in age based hiring discrimination;

B. Order Bay State Milling to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices;

C. Enter a judgment requiring Bay State Milling to pay appropriate back wages in an amount to be determined at trial, and an equal sum as liquidated damages, and prejudgment interest to Charging Party Legore as a result of the acts complained of above;

D. Enter an Order compelling Bay State Milling to instate and employ Gary Legore as a miller;

E. Order Bay State Milling to make whole Charging Party Legore who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices;

F. Grant such further relief as the Court deems necessary and proper in the public interest; and

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

Equal Employment Opportunity
Commission
131 M Street N.E.
Washington, D.C. 20507

ROBERT E. WEISBERG
Regional Attorney

KIMBERLY A. McCOY-CRUZ
Supervisory Trial Attorney

_____
AARRIN GOLSON
Trial Attorney
Florida Bar No. 892491
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
Miami Tower
100 SE 2nd Street, 15th Floor
Miami, FL 33131
Tel: (305)808-1783
Fax: (305)808-1835
Email: aarrin.golson@eeoc.gov