UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.: 12-14439-GRAHAM/LYNCH

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
Plaintiff, )
)
v. )
)
BAY STATE MILLING COMPANY, )
)
Defendant. )
_____)

**DEFENDANT'S ANSWER AND STATEMENT OF AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Bay State Milling Company ("Defendant"), by and through its undersigned counsel, files its Answer and Statement of Affirmative Defenses to Plaintiff's, the Equal Employment Opportunity Commission's, Complaint and states as follows:

**NATURE OF THE ACTION**

In response to the unnumbered paragraph preceding Paragraph 1 of the Complaint, Defendant acknowledges that Plaintiff claims Gary Legore ("Legore") was discriminated against on the basis of his age when he was not hired by Defendant, except denies, in so far as this paragraph alleges or implies, that Defendant violated any law, acted in any improper manner toward Legore, or that Legore suffered or is entitled to any amount of damages or any other relief from Defendant.

**JURISDICTION AND VENUE**

1.      Defendant acknowledges that Plaintiff purports to bring this action for discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626(b)

(the "ADEA"), except denies that Defendant violated this or any other law. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint as they call for a legal conclusion regarding the invocation of this Court's jurisdiction to which a response is not required.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Defendant acknowledges that Plaintiff EEOC is an agency of the United States of America and states that the statutes referenced within Paragraph 3 of the Complaint speak for themselves.

4. Defendant admits it is a Minnesota corporation that does business in Indiantown, Florida and has more than twenty (20) employees.

5. Defendant neither admits nor denies the allegations contained in Paragraph 5 of the Complaint, as they call for a legal conclusion to which no response is required.

**CONDITIONS PRECEDENT**

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that before filing its Complaint, the EEOC sent Defendant a letter concluding there was reasonable cause to believe that the sole reason Legore was not hired by Defendant was because of his age, notwithstanding that the EEOC never interviewed any of Defendant's employees regarding Legore's allegations, including the employee who is alleged to have made the discriminatory remark.

8.      Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.      Defendant neither admits nor denies the allegations contained in Paragraph 9 of the Complaint, as they call for a legal conclusion to which no response is required.

## **STATEMENT OF FACTS**

10.     Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant is without knowledge or information sufficient to form a belief as to Legore's date of birth.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits that instead of submitting an application for the position, Legore called Raiola demanding an interview, during which time he announced he had more than twenty (20) years of experience in the milling industry.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits it notified Legore he was overqualified for the entry-level Miller position.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint, except admits Legore applied for several positions with Bay State Milling Company.

24. Defendant admits it filled the entry-level miller position at its Indiantown facility with an individual who, unlike Legore, graduated from Kansas State University having earned a Bachelor of Arts degree in Milling Management, an educational requirement for the job as indicated on the job posting, who also had recent milling experience, including experience in a milling laboratory, and who was twenty-three years of age.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

## STATEMENT OF CLAIMS

26. Defendant repeats and reasserts its responses to Paragraphs 1-25 of the Complaint as though fully set forth herein.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff and Legore are entitled to any of the relief sought in the *ad danum* clause following Paragraph 29 of the Complaint, including all of its subparts (A) through (G).

## JURY TRIAL DEMAND

Defendant acknowledges that Plaintiff has requested a trial by jury on all questions of fact raised in its complaint.

Each and every allegation that is not specifically admitted by Defendant is denied.

## STATEMENT AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Legore's damages, if any, must be reduced, in whole or in part, by his failure to reasonably mitigate his damages.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims of discrimination and/or damages arising therefrom are barred on the grounds that any decision concerning Legore would have been reached absent any alleged discrimination because once Defendant received Legore's resume, which was after he made the

telephone call to Raiola, it indicated, *inter alia*, that Legore had not worked in the milling industry for years prior to his interest in Defendant in 2011.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims of discrimination, and/or Legore's recovery of damages are barred because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior.

### FOURTH AFFIRMATIVE DEFENSE

Defendant has made good faith efforts to prevent discrimination in its workplace, and, thus, cannot be liable for the decisions of its agents, or liquidated damages, to the extent the challenged employment decisions were contrary to its policies and efforts to comply with anti-discrimination statutes.

Defendant reserves the right to raise additional defenses as discovery progresses.

WHEREFORE, Defendant respectfully prays that the Court:

(a) Dismisses with prejudice Plaintiff's Complaint in its entirety;

(b) Awards Defendant its costs, disbursements, and attorneys' fees; and

(c) Awards Defendant such other and further relief as this Court may deem appropriate.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

CASE NO. 12-14439-GRAHAM/LYNCH

Respectfully submitted this 2nd day of January, 2013.

By: s/Jennifer A. Schwartz
Jennifer A. Schwartz, Esq.
Florida Bar No.: 502431
E-mail: *jennifer.schwartz@jacksonlewis.com*
Kim M. Lucas, Esq.
Florida Bar No. 012005
E-mail : *kim.lucas @jacksonlewis.com*
JACKSON LEWIS LLP
One Biscayne Tower
2 South Biscayne Blvd., Suite 3500
Miami, Florida 33131-2374
Telephone: (305) 577-7600
Facsimile: (305) 373-4466
Attorneys for Defendant
Bay State Milling Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of January 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

s/Jennifer A. Schwartz
Jennifer A. Schwartz, Esq.

CASE NO. 12-14439-GRAHAM/LYNCH

## SERVICE LIST

EEOC v. BAY STATE MILLING COMPANY
Case No: 12-14439-GRAHAM/LYNCH


Aarrin Golson, Esq.
E-Mail: *aarrin.golson@eeoc.gov*
Florida Bar No. 892491
U.S. Equal Employment Opportunity Comission
Miami District Office
Miami Tower
100 SE 2nd Street, 15th Floor
Miami, Florida 33131
305-808-1783
305-808-1835
Attorneys for Plaintiff
Served via transmission of Notices of Electronic Filing generated by CM/ECF

Jennifer A. Schwartz, Esq.
E-mail: *jennifer.schwartz@jacksonlewis.com*
Florida Bar No. 502431
Kim M. Lucas, Esq.
E-mail: *kim.lucas@jacksonlewis.com*
Florida Bar No. 012005
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-577-7600
Facsimile: 305-373-4466
Attorneys for Defendant