~~Sealed~~

```
 1              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA
 2                    MIAMI DIVISION
 3           Case No. 12-CV-~~14339~~/4439-GRAHAM/GOODMAN

 4   EQUAL EMPLOYMENT OPPORTUNITY
     COMMISSION,                    FILED by ___ D.C.
 5                                  JAN 29 2014
             Plaintiff,
 6                                  STEVEN M. LARIMORE
                                    CLERK U.S. DIST. CT.
     vs.                            S.D. of FLA. - MIAMI
 7                                  ~~MIAMI, FLORIDA~~,
                                    NOVEMBER 12, 2013
                                    (SEALED HEARING)

 8   BAY STATE MILLING COMPANY,
     a foreign corporation,
 9
10
             Defendant.
11
     -------------------------------------------------
12
13           Case No. 13-CV-14032-GRAHAM/GOODMAN
14   GARY LEGORE,
15
             Plaintiff,
16
     vs.
17
     BAY STATE MILLING COMPANY,
18   a foreign corporation,
19
20           Defendant.
21
22      TRANSCRIPT OF SEALED SETTLEMENT CONFERENCE HEARING
            BEFORE THE HONORABLE JONATHAN GOODMAN,
23               UNITED STATES MAGISTRATE JUDGE
24
     REPORTED BY:  JERALD M. MEYERS, RPR.
     TELEPHONE:  954-431-4757
```

SCANNED

```
 1  APPEARANCES:
 2  FOR THE EEOC PLAINTIFF:
 3                          U.S. EQUAL EMPLOYMENT OPPORTUNITY
                            COMMISSION
 4                          Miami District Office
                            Miami Tower
 5                          100 S.E. 2nd Street
                            Suite 1500
 6                          Miami, Florida 33131
                            BY: AARRIN B. GOLSON, ESQ.
 7                          BY: KIMBERY ANNE McCOY, ESQ.
 8
 9  FOR THE DEFENDANT BAY STATE MILLING COMPANY:
10
11
                            JACKSON LEWIS, P.C.
12                          2 S Biscayne Boulevard
                            Suite 3500
13                          Miami, Florida 33131
                            BY: JENNIFER A. SCHWARTZ, ESQ.
14                          BY: THOMAS M. SANTORO, ESQ.
15
16  FOR THE PLAINTIFF GARY LEGORE:
17
18                          BY: ARTHUR T. SCHOFIELD, ESQ.
                            330 Clematis Street
19                          Suite 207
                            West Palm Beach, Florida 33401
20
21
22
    REPORTED BY:            JERALD M. MEYERS, RPR.
23                          J.M. COURT REPORTING, INC.
                            1601 N.W. 109TH TERRACE
24                          Pembroke Pines, FL 33026-2717
                            Telephone: 954-431-4757
25                          E-Mail Address: CRJM@AOL.COM
```

```
 1  (Call to order of the Court)
 2          THE CLERK:  All rise.  U.S. District Court for the
 3  Southern District of Florida is now in session, The Honorable
 4  Jonathan Goodman presiding.
 5          THE COURT:  Hi, folks.  Please make yourselves
 6  comfortable.  Be seated.
 7          MS. GOLSON:  Good afternoon.
 8          THE COURT:  All right.
 9          THE CLERK:  Calling case 12-14439-Civil-Graham, Equal
10  Employment Opportunity Commission versus Bay State Milling
11  Company, and case 13-14032-Civil-Graham, Legore versus Bay
12  State Milling Company.
13          THE COURT:  All right, folks.  Good afternoon.  Let's
14  have appearances starting first with the plaintiff in the first
15  case, which would be the EEOC.
16          MS. GOLSON:  Hi.  My name is Aarrin Golson here on
17  behalf of the Equal Employment Opportunity Commission.
18          THE COURT:  All right.  And you are an attorney for
19  the EEOC?
20          MS. GOLSON:  Yes.
21          THE COURT:  Okay.  And who is next to you?
22          MS. GOLSON:  Supervising trial attorney Kimberly Anne
23  McCoy.
24          THE COURT:  Okay.  And who else is with you?
25          MS. GOLSON:  Well, he is visiting.  Christopher
```

```
 1  Hernandez.  He is interning in our office as well.
 2          THE COURT:  Okay.
 3          MS. GOLSON:  And charging party Gary Legore is also
 4  present.
 5          THE COURT:  Right.  And who else?
 6          MS. GOLSON:  That's it for the EEOC.
 7          THE COURT:  Well, who is here for the EEOC as a
 8  representative as opposed to an attorney?
 9          MS. McCOY:  I am, Your Honor.
10          THE COURT:  Gosh, that's a little unusual.  First of
11  all, sit down, please.
12          Normally, when we have a mediation, when the mediation
13  order schedules the mediation, it requires the parties to come,
14  we expect lawyers and then a party.
15          So in the past when I have had mediations with federal
16  government agencies, including the EEOC, there will be a lawyer
17  or two lawyers from the EEOC, as well as an administrative
18  person from the EEOC, like a supervisor in charge of a branch
19  office.  In other words, a non-lawyer.
20          So you don't have anybody like that here today?
21          MS. GOLSON:  That would be Ms. Kimberly McCoy who is
22  here today.
23          THE COURT:  Okay.
24          MS. GOLSON:  She is a trial attorney; the supervising
25  trial attorney.  She supervises, but she is not an active
```

1  participant in the litigation.
2          THE COURT:  Gosh, that's really not what we had in
3  mind.  Let me ask you this:
4          Is this typical when you have a mediation to have just
5  lawyers show up for the EEOC?
6          MS. GOLSON:  Yes.  We do have a regional attorney that
7  covers everything and the power to settle any cases.  She has
8  that power today.
9          MS. McCOY:  Our general counsel in Washington, D.C.
10 delegates settlement authority to a regional attorney who in
11 turn can delegate that authority to a supervising trial
12 attorney in a particular case.
13         THE COURT:  Right.
14         MS. McCOY:  That is what has occurred here.
15         THE COURT:  All right.  Well, I guess my experience
16 has just been a little different.  I have had mediations; in
17 fact, successful mediations with the EEOC where it is not a
18 lawyer.
19         I mean, there is a lawyer here, but in addition to
20 that, there is a non-lawyer who is involved with the agency, I
21 guess from an administrative standpoint; someone who is in
22 charge of the office with a deputy in charge of the office.
23 That kind of thing.
24         So you are telling me this is sort of standard
25 operating procedure for the EEOC in mediations?

```
 1              MS. GOLSON:  Yes, Your Honor.
 2              THE COURT:  Okay.  So, therefore, what you are saying
 3   to me, in effect, is, "Judge, relax.  Don't feel like there is
 4   anything inappropriate here.  This is just how we do it."
 5              MS. GOLSON:  Yes.
 6              THE COURT:  Okay.  Well, I hear what you are saying,
 7   and I am always open to new experiences.
 8         Okay.  Thank you very much.  And then the individual
 9   plaintiff's counsel?
10              MR. SANTORO:  That would be in the 13 case, Your
11   Honor.
12              THE COURT:  Yes.  All right.  Let me hear first for
13   the defense lawyers.
14              MS. SCHWARTZ:  Good afternoon, Your Honor.  Jennifer
15   Schwartz with Thomas Mead Santoro on behalf of Bay State
16   Milling Company.
17         Also with me this afternoon is William Rayola as the
18   corporate representative for Bay State Milling Company and
19   Margaret Misi who is here on behalf of Zurich North America
20   Insurance Company.
21              THE COURT:  All right.  And next to you?
22              MS. SCHWARTZ:  This is Tom Santoro.
23              THE COURT:  All right.
24              MR. SANTORO:  Thomas Santoro, Your Honor.
25              THE COURT:  All right.  Well, you had not introduced
```

1  him before. So now you have. Thank you very much.
2           All right. So we have two attorneys from Jackson
3  Lewis and a representative of the company Mr. Rayola who took
4  that initial phone call which i guess started this whole
5  litigation, and then we have a representative from an insurance
6  company. And would you just give me that name one more time.
7  I don't have it down here.
8           MS. MEVERS: Margaret Mevers. M-e-v-e-r-s
9           THE COURT: M-e-v-e-r-s. Okay. And are you a lawyer,
10 Ms. Mevers?
11          MR. SANTORO: Yes, sir.
12          THE COURT: All right. And then you are also with the
13 insurance company as a representative?
14          MS. MEVERS: I am here as a representative.
15          THE COURT: All right. Well, good to have you. Did
16 you come from out of town?
17          MS. MEVERS: No, sir.
18          THE COURT: All right. Who is here from out of town?
19 Anybody?
20          MR. LEGORE: Gary Legore.
21          THE COURT: And where did you come from, sir?
22          MR. LEGORE: I came from St. Louis.
23          THE COURT: I have heard of it. Okay. Welcome. Very
24 well. Please be seated.
25          All right. So in just a minute, folks, I am going to

take my robe off, and then I am going to meet you all back in chambers and we are going to roll up our sleeves and try to get both of these cases settled.

I think it probably makes sense to try to get a global resolution in both cases, given that the fact patterns are largely similar, if not almost identical, if not identical.

So does anybody want to put anything on the record before we go off the record and head back into chambers?  Yes, sir?

MR. SCHOFIELD:  Your Honor, did you just want us to announce our presence for the 13 case before you go back?

THE COURT:  Yes.  Thank you.

MR. SCHOFIELD:  Okay.  Your Honor, Arthur Schofield on behalf of plaintiff Gary Legore, and Gary Legore is to my right.

THE COURT:  Thank you, sir.  I didn't mean to slight either of you, but thank you for causing me to officially have your names put on the record.

Other than that clarification, does anybody have any additional comments to make on the record before we go off the record?

All right.  Very well.  So we are going to be in recess off the record.  Thank you.

All right, folks.  What I would like you to do is just head on back through those doors.

1       [There was a recess].

2       THE COURT: On the record. All right, folks. Sit
3  down and make yourselves comfortable.

4       We are now on the record following a marathon
5  mediation session; an omnibus joint mediation session in two
6  cases involving first the Equal Employment Opportunity
7  Commission versus Bay State Milling Company, which is case
8  12-CV-14439-Judge Graham.

9       The second case is the case of Gary Legore versus Bay
10 State Milling company, case 13-CV-14032-Judge Graham.

11      We have, for all practical purposes, resolved the
12 financial portion of both cases.

13      Many of the issues concerning the proposed consent
14 decree have been agreed to, and there are some provisions which
15 still need to be worked out, but because it is now 8:15, what
16 we have decided to do is to dictate the terms of the settlement
17 agreement into the record.

18      I will get each of you to confirm that this is the
19 settlement agreement. The settlement agreement will be
20 contingent upon a successful resolution of the consent decree
21 which was requested by the Equal Opportunity Employment
22 Commission.

23      So, first, I am going to just summarize the terms of
24 the settlement, and then we will get everybody to agree. And
25 if, in fact, things work out, as I am confidant that they will,

1  and that there is a resolution of the remaining issues on the
2  consent decree, then everything that we dictate into the record
3  here today will in and of itself be a full, binding and
4  enforceable settlement agreement.
5       So once everybody is on board with what I say and
6  agree to it, that will be the settlement agreement, subject to
7  successful agreement on the consent degree.
8       You are all are free later on to generate additional
9  paperwork to memorialize the settlement agreement, but what we
10 are going to do here today on the record will in and of itself
11 be an enforceable settlement agreement.
12      The settlement agreement will be for both cases
13 combined.  The defendant will be paying $150,000 which will
14 include attorneys' fees and costs.  And, in addition, the
15 defendant will be agreeing to a consent degree.
16      Drafts of that consent decree originally drafted by
17 the EEOC have been shared and discussed, and we have made
18 several comments back and forth this afternoon, and we
19 anticipate that any remaining issues will be resolved.
20      There will be mutual general releases between the
21 individual plaintiff, Mr. Legore, and the private party
22 defendant Bay State Milling Company, but the EEOC will not be
23 receiving or issuing a general release because that is not the
24 practice of the EEOC.
25      So, first, from the prospective of the defense, Bay

1  State Milling Company, first, let me ask counsel, Mr. Santoro,
2  is that a fair and accurate summary of the settlement agreement
3  as you understand it?
4          MR. SANTORO:  It is, Your Honor, contingent on the
5  ability to agree to the consent degree and the terms of a
6  mutual general release.
7          THE COURT:  Fine.  And let me also ask the
8  representative of Bay State Milling Company, Mr. Rayola, is
9  that, in fact, what you have agreed to this evening?
10         MR. RAYOLA:  Yes, Your Honor.
11         THE COURT:  And on behalf of the insurance carrier,
12 Ms. Mevers, you are on board and you agree to what we have just
13 outlined in the record?
14         MS. MEVERS:  Yes, Your Honor.
15         THE COURT:  All right.  Very well.  And although I
16 only need to hear normally from one lawyer per side, not to
17 leave you out, Ms. Schwartz, since you did a lot of hard work
18 in this case, is this, in fact, the agreement from your
19 perspective?
20         MS. SCHWARTZ:  Yes, Your Honor.
21         THE COURT:  All right.  Very well.  Now, from the
22 individual plaintiff's perspective, Mr. Legore, is this, in
23 fact, what you have agreed to?
24         MR. LEGORE:  Yes, it is.
25         THE COURT:  And, Mr. Schofield, as Mr. Legore's

1  counsel, is this, in fact, what you have agreed to?
2          MR. SCHOFIELD: It is, Your Honor. Thank you.
3          THE COURT: Very well. And from the perspective of
4  the EEOC, first let me hear from Ms. Golson. Is this, in fact,
5  as counsel what you have agreed to?
6          MS. GOLSON: Yes. It is what we have agreed to.
7          THE COURT: And as a representative of the EEOC,
8  Ms. McCoy, is this, in fact, what you have agreed to?
9          MS. McCOY: Yes, Your Honor.
10         THE COURT: Very well. So thank you very much for
11 your hard work and effort. We appreciate it. And although I
12 am not going to hold you all to this, give me a ballpark figure
13 of how long you think it might take you to hammer out the
14 remaining details? Do you think an extra 10 days is
15 sufficient?
16         MS. GOLSON: Yes. 10 days.
17         MS. SCHWARTZ: I was actually going to propose by the
18 end of the week, Your Honor.
19         THE COURT: Well, hope springs eternal, and if you can
20 get it done by the end of the week, it is a little bit of a
21 short week.
22         I am not suggesting that you shouldn't. You should
23 try to get it done as quickly as possible, but I am a big
24 believer in Murphy's Law.
25         So, you know, maybe someone is out for a day or two

```
 1   with a personal situation or an illness, or maybe who knows
 2   what, but what I would like you to do is within the next 10
 3   days just file a brief status report and let me know for sure
 4   that the case is settled and that the contingency, namely the
 5   agreement concerning the consent degree has, in fact, been
 6   resolved.
 7          MR. SANTORO:  I do have one issue.  With respect to
 8   the timing there will be a 30 day period needed for any payment
 9   just so everyone understands that.
10          THE COURT:  All right.  Well, any problem with that,
11   Mr. Schofield?
12          MR. Schofield:  No, sir.  That is all right and
13   customary.
14          THE COURT:  Very well.  Very well.  All right.  So
15   thank you for that clarification, and I am confidant that you
16   folks will get it worked out.
17          Let me just put this on the table.  If for some reason
18   my prediction is incorrect, and there is a road block in terms
19   of negotiating the terms of the consent decree, rather than
20   throw up your hands in frustration, what I would like you to do
21   is contact me, and I will schedule another brief mediation.
22          I underscore the word "brief" for purposes of
23   hammering out any remaining issues, but as I have said probably
24   5 times now in the past 20 minutes, I have the utmost
25   confidence in the abilities of defense counsel and the EEOC
```

```
 1  counsel to work out the remaining details on the consent
 2  decree, and I would be very surprised if I heard from you again
 3  asking for more assistance from me.
 4          I am happy to provide it if you need it, but I am
 5  very, very confidant that you are not going to need my help.
 6          So, anything further from anybody here before we
 7  recess for the day at 8:23 p.m.?  Defense?
 8          MS. SCHWARTZ:  No, Your Honor.
 9          THE COURT:  Individual plaintiff?
10          MS. SCHOFIELD:  No, sir.  Thank you.
11          THE COURT:  The EEOC?
12          MS. GOLSON:  No, Your Honor.
13          THE COURT:  All right.  Let the record reflect that I
14  have lived up to my word, and I told you all you would be home
15  in time to watch the Jimmy Fallon show, and I am pretty sure
16  that you will be.
17          All right.  Take care.  Thank you for your efforts.
18  We will be in recess.
19          MS. SCHWARTZ:  Thank you.
20          MS. GOLSON:  Thank you, Your Honor.
21          MS. McCOY:  Thank you, Your Honor.
22          (Whereupon the proceedings were concluded)
23
24
25
```

1
2                    C E R T I F I C A T E
3        I hereby certify that the foregoing is an accurate
4   transcription of proceedings in the above-entitled matter.
5
    JANUARY 24, 2014              S/JERALD M. MEYERS
6   _____              _____
        DATE                       JERALD M. MEYERS, RPR-CM
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25